## TURNER *v.* CARSLEY.

### *Practice.*

Where the plaintiff sued trespass and false imprisonment in the Circuit Court of Common Pleas, and judgment being against him there, he appealed to the Supreme Judicial Court, where he had a verdict for thirty dollars only; yet it was holden that he had " reasonable cause for such appeal," under *Stat.* 1817. *ch.* 185.

THIS was an action of *trespass and false imprisonment,* brought in the Circuit Court of Common Pleas and the damages laid at more than *seventy* dollars. In the Court below the verdict was for the defendant. The plaintiff appealed, and on trial in this Court had a verdict for thirty dollars only; and now moved the Court for a certificate that there was " reasonable cause for such appeal," in order to recover his costs of the appeal, pursuant to *Stat.* 1817. *ch.* 185. *sec.* 2. The defendant also moved for his costs, by virtue of the same statute.

*Emery,* for the defendant.

The variety of modes in which the legislature have acted upon this subject, to restrain parties within certain limits to the jurisdiction of the Common Pleas, demonstrates the importance of the principle they have sought to establish. The right of appeal in all personal actions where the *ad damnum* is less than seventy dollars, is restrained by a positive and peremptory statute;—and the " reasonable cause" mentioned in the statute must be construed to mean a reasonable expectation of recovering more than seventy dollars. It was the intent of the legislature to give the Court below a final and exclusive jurisdiction over all actions of less value;—and if their jurisdiction were to depend on the mere pleasure of the plaintiff, as indicated by the sum he might choose to allege in damages, the beneficial purposes of the statute would be utterly defeated. It would always be in the power of the plaintiff, by laying large damages, and offering feeble evidence in support of his action, to bring every cause, however trifling, into this Court; thus ousting the Court below of its jurisdiction, and virtually repealing the Statute.

*Daveis,* for the plaintiff.

The statute authorizes the giving of costs to the plaintiff appellant, when he had *reasonable cause* to appeal, though on the

appeal he recover less than seventy dollars. The condition is—not a reasonable expectation of recovering an amount beyond the final jurisdiction of the Common Pleas,—but, just cause of complaint with its decision. The limitation is established to prevent parties from transcending the tribunals adapted to their demands, where they may have justice without subjecting their adversaries to disproportionate expense. But when a party failing below, succeeds above, by the same effort, in establishing the jurisdiction he had originally elected, had he not reasonable cause to appeal? And shall he be punished by paying the costs incurred in vindicating his right, because he does not recover sufficient to support the superior jurisdiction which he has reluctantly been compelled to seek? It is a necessity imposed by the party himself in resisting the plaintiff's just demand, and driving him to his *dernier resort.*

The objection that by admitting this latitude of construction the jurisdiction of the Common Pleas may be avoided, and the object of the provision defeated, can never apply with much justice where the party recovers upon substantially the same evidence which went for nothing below. But the answer to all arguments of this sort is, that the statute gives the Court a *discretion.* If, notwithstanding, the reasonable cause of appeal can only be ascertained by the amount recovered, and must be decided by the verdict, what kind of discretion is it, which is thus reduced to a mere matter of arithmetical calculation, and determined by a set of tables? If one construction ousts the Common Pleas of its jurisdiction, the other deprives the Court of its legal discretion.

The Court observed that as the plaintiff, after losing his cause in the Court below, had gained a verdict here, they must conclude it *reasonable* that he should appeal in order to obtain it:—and they would presume that the contest in the Court below was a fair trial of the whole strength of the parties, until the contrary should appear. If the plaintiff had withheld his evidence at the first trial, with intent to oppress the defendant, this was an evil which it was in the power of the Court, in the exercise of its discretion as to costs, to correct. But nothing of this kind appearing in the present case, they certified that the plaintiff had reasonable cause to appeal.